IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | ' | BANKRUPTCY CASE NO. |
| | ' | 05-95149 |
| GEORGE E. COLLINS, | ' | |
| DEBTOR | ' | Chapter 13 |

DEBTORS' EMERGENCY MOTION FOR CONTINUATION OF
OF THE AUTOMATIC STAY PURSUANT TO 11 U.S.C. SECTION 362(c)(3)(B)
AND NOTICE OF HEARING ON SAME

Pursuant to Local Rule 9007(a):

IF YOU WANT A HEARING, YOU MUST REQUEST ONE IN WRITING AND YOU MUST RESPOND SPECIFICALLY TO EACH PARAGRAPH OF THIS PLEADING. YOU MUST FILE YOUR RESPONSE WITH THE CLERK OF THE BANKRUPTCY COURT WITHIN TWENTY DAYS FROM THE DATE YOU WERE SERVED AND GIVE A COPY TO THE PERSON WHO SENT YOU THE NOTICE; OTHERWISE THE COURT MAY TREAT THE PLEADING AS UNOPPOSED AND GRANT THE RELIEF.

NOTWITHSTANDING THE FOREGOING, PLEASE BE ADVISED THAT CONTEMPORANEOUSLY WITH THIS MOTION, DEBTOR HAS FILED A MOTION FOR EXPEDITED CONSIDERATION OF DEBTOR'S EMERGENCY MOTION FOR CONTINUATION OF THE AUTOMATIC STAY. THEREFORE, THE TIME FOR RESPONDING TO THIS MATTER MAY BE GREATLY SHORTENED.

TO THE HONORABLE JUDGE OF SAID COURT:

**COME NOW, GEORGE E. COLLINS,** Debtor in the above styled and numbered bankruptcy proceeding and, files this Emergency Motion for Continuation of the Automatic Stay and Notice of Hearing on said Motion as to all creditors and in support thereof would show unto this Court the following:

1. The Debtor filed the instant bankruptcy proceeding on November 10, 2005.

2. Prior to the commencement of the instant case, the Debtor(s) was in a prior bankruptcy action, under Case No. 05-40065. This prior case was dismissed by this Court on

October 13, 2005 pursuant to a Motion to Dismiss by the Trustee.

3. As a result of the Debtor's prior bankruptcy action, and pursuant to the provisions of 11 U.S.C. Section 362(c)(3)(A), the automatic stay will terminate with respect to the Debtor on the 30th day after the filing of the instant case.

4. As such, pursuant to 11 U.S.C. Section 362(c)(3)(B), Debtor respectfully request this Court enter an Order continuing the Automatic Stay as to all creditors and for cause would respectfully show unto this Court the following.

3. The Debtor's prior case was dismissed upon a Motion to Dismiss by the Trustee. Debtor would show this Court that he was advised by his previous bankruptcy counsel to allow the case to be dismissed because it would be more advantageous to re-file for bankruptcy than to take the necessary steps to correct the deficiencies in the Trustee's Motion to Dismiss.

4. Specifically, Debtor would show that, since shortly after the commencement of the previous bankruptcy, Debtor attended the § 341 meeting of creditors wherein the Trustee requested amendments be made to the schedules filed on behalf of Debtor. These amendments were not made and Debtor was informed by his prior counsel that it would be more advantageous to allow the Court to dismiss the case and re-file as opposed to making the requested amendments.

5. In accordance with these assurances, the Debtor followed the advice of his former counsel to the prior bankruptcy and allowed the case to be dismissed. Thereafter, this Court entered the appropriate Order dismissing the instant case on October 13, 2005.

8. Debtor would further show this Court that, as evidenced by the Schedules and Plan filed in this case, there is a likelihood that Debtor will in fact complete his Chapter 13 Plan. Based upon the Debtor's income, Debtor's Plan is feasible. Debtor is eligible for entry of a

Wage Order, he is submitting the documentation necessary for his Chapter 13 Trustee to commence automatic deductions from his paycheck to ensure prompt and timely payment of his Chapter 13 Plan payments.

9. Debtor(s) would further show that there was not a Motion for Relief filed in the previous bankruptcy action.

10. Debtor seeks, by this Motion, to have the automatic stay extended as to all creditors of the Debtor(s) and not just his mortgage creditor. While Debtor concedes that his primary asset involves his homestead and requests to continue the stay with respect to that creditor, Debtor further seeks to have the automatic stay continued as to **all** of his creditors.

11. Section 362(c)(3)(A) of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 states, in part, that the automatic stay will terminate **"with respect to a debt or property securing such debt..."** on the 30th day after the filing of the later case. Based upon a literal reading of the statute, **any** creditor of the Debtor may immediately commence its collection activities, including the pursuit of its state court remedies, against the Debtor after the expiration of this 30 day window.

12. To not continue the automatic stay as to the Debtor's remaining creditors could operate to drastically diminish Debtor's ability to conclude the instant case. Specifically, the Debtor may, after thirty (30) days, find himself burdened with numerous civil actions, as well as the costs associated therewith, from these remaining creditors. In such an event, Debtor could find himself unable to successfully complete his Chapter 13 Plan.

13. Furthermore, the failure of this Court to extend the automatic stay as to all of the Debtor's remaining creditors may operate to open up a flood of litigation by the remaining creditors who may merely be dissatisfied with their treatment under the Debtor's Chapter 13.

Furthermore, the Debtor may find himself faced with harassment tactics by some creditors who believe that if they take steps (through litigation and/or other authorized collection practices) to increase Debtor's legal costs, they may be able to arrange some other type of more "favorable" treatment outside of the Debtor's bankruptcy action. Such actions by the Debtor's creditors would amount to nothing more than federally authorized blackmail and can not be the intent Congress intended, nor does it serve the ends of justice. As such, Debtor seeks to have the automatic stay continued for all of his remaining creditors.

**All creditors are hereby given notice that the Court has already set a hearing on the instant Motion. A copy of this Order Setting Hearing on Extension of Automatic Stay is attached hereto. As evidenced therein, said hearing is scheduled for _____ at \_\_\_\_:\_\_\_\_ \_\_\_.m., in Courtroom _____, \_\_\_\_\_ Floor, _____, 515 Rusk, Houston, Texas 77002. If you object to the continuation of the automatic stay, you must file a written objection by _____. At this hearing, the Court will consider whether to extend the stay as to all creditors.**

**WHEREFORE, PREMISES CONSIDERED, GEORGE E. COLLINS,** Debtor(s) pray that upon final hearing of the instant Motion, the Court enter an Order continuing the Automatic Stay during the pendency of this case to all creditors, subject to further Order of this Court, and that the Debtor(s) have such other and further relief, both at law and in equity, to which they may show themselves justly entitled.

Respectfully submitted on this the 22-D day of November, 2005.

Respectfully Submitted,
**KOWIS & PINAK**

_____
KELLY M. KOWIS
Texas State Bar No. 90001781
3555 Timmons Lane, Suite 610
Houston, Texas 77027
Telephone:  (713) 965-9000
Facsimile:  (713) 965-9048

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the attached Emergency Motion for Continuation of the Automatic Stay and Notice of Hearing and the Court's Order Setting Hearing on Extension of Automatic Stay signed November 22nd, 2005, was forwarded to the Chapter 13 Trustee, U. S. Trustee, all parties requesting notice, and those entities listed below, via electronic mail, facsimile, hand delivery, or first class mail, postage pre-paid, on this the 22nd day of November, 2005.

ATTORNEY GENERAL
PO BOX 12548
AUSTIN, TX 78711-2548

INTERNAL REVENUE SERVICE
SPECIAL PROCEDURES BRANCH
1919 SMITH ST.
STOP 5024 HOU
HOUSTON, TX 77002

PAUL BETTENCOURT
HARRIS COUNTY TAX ASSESSOR-COLLECTOR
PO BOX 4576
HOUSTON, TX 77210-4576

STATE COMPTROLLER BANKRUPTCY SECTION
PO BOX 13528
AUSTIN, TX 78711

US TRUSTEE
RICHARD W. SIMMONS
515 RUSK, STE 3516
HOUSTON, TX 77002

1ST INVESTERS
300 INTERSTATE N PKWY 8T
ATLANTA, GA 30339

ALLIED INT
PO BOX 2455
CHANDLER, AZ 85244

AMERICREDIT
801 CHERRY ST STE 3900
FORT WORTH, TX 76102

CAPONE BANK-INT INVES
456 N KIMBALL Pl
BOISE, ID 83704

CENTERPOINT
P O BOX 1325
HOUSTON, TX 77001

CENTERPOINT ENERGY ENT
PO BOX 2628
HOUSTON, TX 77252

COLLECTECH SYSTEMS INC
3000 CORPORATE EXCHANGE
COLUMBUS, OH 43231

CONSUMER MTG
1812 DURHAM
HOUSTON, TX 77007

CREDIT MANAGEMENT
4200 INTERNATIONAL PKWY
CARROLLTON, TX 75007

ER SOLUTIONS
800 SW 39TH ST
RENTON, WA 98055

FCNB MSTR TR
C/O FNBO
1620 DODGE ST
OMAHA, NE 68197

FIRST NATIONAL BANK
1525 S COOPER ST
ARLINGTON, TX 76010

FNBO/CONSECO
PO BOX 922968
NORCROSS, GA 30010

GENESIS FINANCIAL SOLU
8705 SW NIMBUS AVE STE 3
BEAVERTON, OR 97008

HOU POLIC FC
1600 MEMORIAL
HOUSTON, TX 77007

MIDLAND MORTGAGE COMPANY
PO BOX 26648
OKLAHOMA CITY, OK 73126

OSI COLLECTION SERVICE
2425 COMMERCE AVE STE 10
DULUTH, GA 30096

PALISADES COLLECTIONS
210 SYLVAN AVE
ENGLEWOOD, NJ 07632

PALISADES COLLECTIONS
PO BOX 105460
ATLANTA, GA 30348

PARAGONWAY
2101 WEST BEN WHIT
AUSTIN, TX 78704

PORTFOLIO RECOVERIES
120 CORPORATE BLVD STE 1
NORFOLK, VA 23502

PROVIDIAN
PO BOX 9023
PLEASANTON, CA 94566

RSKMGTNAN4
PO BOX 105062
ATLANTA, GA 30348

WFNNB/PALAIS
PO BOX 64
JACKSONVILLE, TX 75766

_____
KELLY M. KOWIS