IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: GEORGE E. COLLINS | § | CASE NO. 05-95149-H1-13 |
| Debtor | § | (Chapter 13) |

CHAPTER 13 TRUSTEE'S RESPONSE IN OPPOSITION TO MOTION
TO EXTEND THE 30 DAY STAY (#10)

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

COMES NOW, DANIEL E. O'CONNELL, CHAPTER 13 TRUSTEE, by his attorney and respectfully responds to the Debtor's motion to extend the 30 day stay as to the mortgage company and all other creditors pursuant to 11 U.S.C. § 362(c)(3).

1. **Initial fact issue of whether Section 362(c)(3) rebuttable presumption applies in this case**.  Debtor has filed two chapter 13 cases during 2005.  Case No. 05-40065 was dismissed October 12, 2005 and case no. 05-95149 was filed November 10, 2005.  Therefore, the automatic stay arising in this case shall terminate on December 10, 2005, unless and to the extent this Court enters an order continuing the automatic stay.  11 U.S.C. § 362 (c)(3)(A)&(B).

2. However, there is an initial fact issue of whether the Section 362(c)(3)(C) presumption of "filed not in good faith" has arisen in this case.  Not more than one case was pending within the proceeding year.  In the prior case, Debtor filed all bankruptcy papers, an adequate protection order was not entered and a confirmation order was not entered.

3. Notwithstanding the recitations in paragraphs 3 through 5 of the Motion to Extend Stay, Debtor's first case was dismissed on the Trustee's Motion to Dismiss for failure to make interim plan payments of $1,450 per month.  The Trustee received $0 plan payments in case no. 05-40065.

4. To the extent there has not been a substantial change in the financial or personal affairs of the Debtor, or any other reason to conclude that this case will be concluded with a confirmed plan that will be fully performed, the presumption of "not filed in good faith" applies under Section 362 (c)(3)(C)(i).

5. **Determinative Fact Issues**. The status of this case dictates that this case was not filed in good faith, under any burden of proof.

(i) Debtor has failed to file a List of Creditors, Schedules, Statement of Financial Affairs and a Plan;

(ii) Debtor has failed to pay the court filing fee;

(iii) Debtor has failed to file pay advises for the 60 days preceding this bankruptcy petition;

(iv) Debtor has failed to file a certificate of prepetition credit counseling;

(v) Debtor has failed to provide any Mortgage Information necessary for the Trustee to receive, account for and distribute mortgage payments pursuant to the Local Chapter 13 Mortgage Distribution Procedure; and

(vi) The Trustee has received $0 in plan payments.

When a Debtor does not comply with these initial requirements of Chapter 13, the case cannot be filed in subjective or objective good faith.

WHEREFORE PREMISES CONSIDERED, Daniel E. O'Connell, Chapter 13 Trustee respectfully prays that this Court: (i) Deny Debtor's motion to continue the stay; and (ii) grant the Chapter 13 Trustee such other relief as he may show himself or Debtor's Estate justly entitled.

Respectfully submitted,

By: /s/ H. Gray Burks IV
H. GRAY BURKS IV
State Bar No. 03418320
**Attorney for Daniel E. O'Connell, Chapter 13 Trustee**

2

LAW OFFICE OF H. GRAY BURKS IV
9601 Katy Freeway, Suite 450
Houston, TX  77024
(713) 932-6531
(713) 932-6534 (Facsimile)

## CERTIFICATE OF SERVICE

      I certify under penalties of perjury that on December 6, 2005 a true and correct copy of this response was served via facsimile and email on Kelly M. Kowis at 713-965-9048 and kkowis @kowislaw.com; and by regular U.S. mail, postage prepaid on George E. Collins, 10525 Geulf Meadows Drive, Houston, TX 77075.

                                            /s/ H. Gray Burks IV
                                            H. GRAY BURKS IV