IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | CASE NO. 05-95149-H1-13 |
| | § | |
| GEORGE E. COLLINS, | § | CHAPTER 13 |
| | § | |
| DEBTOR | § | |

**AMERICREDIT FINANCIAL SERVICES, INC.'S RESPONSE AND OBJECTION
TO DEBTOR'S EMERGENCY MOTION FOR CONTINUATION OF THE
<u>AUTOMATIC STAY PURSUANT TO 11 U.S.C. SECTION 362(c)(3)(B)</u>**

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES AMERICREDIT FINANCIAL SERVICES, INC., a secured creditor, hereinafter called "Americredit", and files this, its Response and Objection to Debtor's Emergency Motion for Continuation of the Automatic Stay Pursuant to 11 U.S.C. Section 362(c)(3)(B) as to all creditors, and would show the Court as follows:

1. Americredit admits Paragraph 1.

2. Americredit admits Paragraph 2.

3. Americredit admits Paragraph 3.

4. Paragraph 4 does not require a response by Americredit.

3. (5). Americredit admits the prior case was dismissed on the Trustee's Motion to Dismiss. Americredit cannot admit or deny what transpired between the Debtor and his attorney.

4. (6). Americredit cannot admit or deny what transpired at the Debtor's 341a meeting. Americredit cannot admit or deny what amendments were not filed or what the Debtor's prior attorney advised him. However, the Motion to Dismiss was filed for non-

payment of pre-confirmation plan payments. The Debtor failed to make the required plan payments.

5. (7). Americredit cannot admit or deny what assurance Debtor had from his prior attorney. Americredit admits the case was dismissed on October 13, 2005.

8. Americredit denies Paragraph 8.

9. Americredit admits that it did not file a Motion for Relief From the Automatic Stay in the prior case.

10. Americredit admits Debtor has requested to extend the Automatic Stay as to all creditors.

11. Americredit admits Paragraph 11.

12. Americredit cannot admit or deny Paragraph 12; it calls for speculation as to what might happen to Debtor of the Automatic Stay is not extended.

13. Americredit cannot admit or deny Paragraph 13; it calls for speculation as to what may occur if the Automatic Stay is not extended.

## **OBJECTION TO EXTENSION OF AUTOMATIC STAY BEYOND 30 DAYS**

### Factual Background

1. On or about November 26, 2001, GEORGE E. COLLINS executed a motor vehicle Retail Installment Contract and Security Agreement (hereinafter called "contract") for the purchase of one (1) 1999 Chevrolet Truck Suburban-V8 Utility K1500 LS 4WD, bearing serial number 3GNFK16R8XG260661. Americredit Financial Services, Inc. (hereinafter referred to as "Americredit") holds a perfected security interest in and to said vehicle. Copies of the contract and title are attached hereto as Exhibits 1 and 2. The contract is in

default for the payment due April 24, 2005 of $591.64 and all subsequent payments. There is now due and owing a balance of $16,469.52 to Americredit by Debtor plus accrued interest as allowed by the contract.

2.   On November 10, 2005, Debtor filed the present petition in bankruptcy under Chapter 13.  Americredit believes this case was filed in bad faith, for the purpose of delaying and hindering creditors.  This Debtor has filed four bankruptcy cases prior to filing this present case.  Because this is the second filing within 12 months, however, the Automatic Stay will lift unless the Court grants Debtor's request for extension of the Stay. Case No. 05-40065 was filed on 6/30/05 and was dismissed on 10/12/05 without a Plan ever having been confirmed or any pre-confirmation payments being made to the Chapter 13 Trustee.  The three other prior cases are as follows:

| Case No. 00-41142 | filed 12/4/00; | dismissed 5/14/01 |
| Case No. 00-34700 | filed 5/19/00; | dismissed 11/16/00 |
| Case No. 98-39707 | filed 9/17/98; | dismissed 3/22/00 |

Of these three cases, only one (98-39707) had a confirmed Plan.  While these prior filings do not directly relate to 11 U.S.C. §362(c)(3), they do reflect a pattern of behavior on the part of the Debtor in that he has been unable to perform all of his required duties under the Bankruptcy Code, whether it be a failure to file required schedules and/or statements or a failure to make payments to the trustee.  In the present case, Debtor's performance has been worse than in any prior case because he has failed to timely file Schedules, Statement of Financial Affairs and a Plan.  Such documents were only filed on the eve of the hearing on the Motion to Extend Automatic Stay.  In addition, Debtor plead in such Motion that these documents were filed – a clear misrepresentation of the facts.  This filing

does not meet the objective or subjective test for good faith as set out in *In re Charles*, No. 05-95071, slip op. (Bankr. S.D. Tex. November 30, 2005).

3. It appears that Debtor only filed the required documents after the Trustee's Response to his Motion which specified that such documents had not been filed. This in itself demonstrates bad faith.

## Review of Plan

4. A brief review of the newly-filed Plan reveals a further indication of bad faith and infeasibility. First, the Plan fails to provide for mortgage payments to be paid by the Chapter 13 Trustee. Second, in the proposed Amended Plan filed on 10/7/05 in Case No. 05-40065-H1-13 (the 4th bankruptcy case), Debtor owed taxes to HISD in the sum of $27, 659.95. In the instant case, Debtor lists HISD's claim at $9,833.22. Third, the prior Amended Plan listed Harris County's claim at $28,331.72 and at $16,647.71 in the present Plan. There is a wide discrepancy in the total taxes owed from 10/7/05 to 12/7/05 with no explanation for this reduction. In fact, Debtor's newly-filed Statement of Financial Affairs indicates on Question 3 that there has been no payments to creditors on any debt within the 90 days immediately preceding the present case.

5. Further, Debtor has now lowered the value of Americredit's collateral from the value agreed to in the 4th bankruptcy case of $11,612.50, as indicated in the Amended Plan dated 10/7/05, to a value of $10,354.00 in the present case. Debtor should not be allowed to benefit from his demonstrated bad faith.

## Credit Counseling

6. To the best of Americredit's information and belief, Debtor has failed to file a certificate of credit counseling.

Schedules I and J – Current Income and Expenditures of Debtor

7. A comparison of Schedule I in the present case with that filed in the immediate prior case, shows Debtor's income has decreased.  With respect to Schedule J, it appears Debtors expenses have increased since the prior filing.

8. The Debtor has failed to show any change in circumstances which would indicate he has any likelihood of successfully completing a Chapter 13 Plan.  The Debtor's Plan and scheduled debts do not correspond to those reflected in the prior case and are substantially different in the instant case, thus creating a question of which Plan and Schedules are correct, another indication of bad faith.

WHEREFORE PREMISES CONSIDERED AMERICREDIT requests that Debtor's Motion to Extend Automatic Stay be in all things denied and that the Stay not be extended as to Americredit Financial Services, Inc.

Respectfully submitted,

*/s/ Billy G. Baca*
BILLY G. BACA
State Bar No. 01486800
Attorney in Charge for Respondent
5225 Katy Freeway, Suite 350
Houston, Texas  77007
(713) 864-8000
(713) 864-0179 facsimile
LAWRENCE, BACA & DONOHUE

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing instrument has been served upon the parties listed below, including the Debtor, the Attorney for Debtor, and the Chapter 13 Trustee, and the U. S. Trustee, by electronic mail or first class United States Mail, postage prepaid, this 8th day of December, 2005.

/s/ *Billy G. Baca*
BILLY G. BACA

<u>Parties Served</u>:

Kelly M. Kowis
Attorney at Law
3555 Timmons Suite 610
Houston TX  77027

George E. Collins
10525 Geulf Meadows Drive
Houston TX  77075

H. Gray Burks, IV
Attorney at Law
9601 Katy Frwy Suite 450
Houston TX  77024

Daniel Emmett O'Connell
Chapter 13 Trustee
P O Box 13
La Porte TX  77572-0013

Office of the U S Trustee
515 Rusk Ave Suite 3516
Houston TX  77002

# RETAIL INSTALLMENT SALES CONTRACT — SIMPLE FINANCE CHARGE

Deal #: 156682

| Dealer Number | | Contract Number | |

**Buyer (and Co-Buyer if any) Name and Address (including County and Zip Code)**
George E Collins
10525 Gulf Meadows Dr
Houston, TX 77075
Harris

**Creditor - Seller Name and Address**
Sterling McCall Toyota
9400 S.W. Freeway
Houston, TX 77074

You, the Buyer (and Co-Buyer, if any), may buy the vehicle below for cash or on credit. By signing this contract, you choose to buy the vehicle on credit under the agreements on the front and back of this contract. You agree to pay the Creditor - Seller (sometimes "we" or "us" in this contract) the Amount Financed and Finance Charge according to the payment schedule below. We will figure your finance charge on a daily basis. The Truth-In-Lending Disclosures below are part of this contract.

| New/Used/Demo | Year | Make and Model | Odometer | Vehicle Identification Number | Primary Use For Which Purchased |
|---|---|---|---|---|---|
| Used | 1999 | Chevrolet Suburban | | 3GNFK16R8XG260661 | ☒ Personal, family or household ☐ business ☐ agricultural |

## FEDERAL TRUTH-IN-LENDING DISCLOSURES

| ANNUAL PERCENTAGE RATE The cost of your credit as a yearly rate. | FINANCE CHARGE The dollar amount the credit will cost you. | Amount Financed The amount of credit provided to you or on your behalf. | Total of Payments The amount you will have paid after you have made all payments as scheduled. | Total Sale Price The total cost of your purchase on credit, including your down payment of $1,000.00 |
|---|---|---|---|---|
| 17.95 % | $ 12,347.47 | $ 23,150.93 | $ 35,498.40 | $ 36,498.40 |

**Your Payment Schedule Will Be:**

| Number of Payments | Amount of Payments | When Payments Are Due |
|---|---|---|
| 60 | 591.64 | Monthly beginning 1/10/02 |

Or As Follows:

**Late Charge:** If payment is not received in full within 15 days after it is due, you will pay a late charge equal to 5% of the amount of the installment.
**Prepayment.** If you pay off all your debt early, you will not have to pay a penalty.
**Security Interest.** You are giving a security interest in the vehicle being purchased.
**Additional Information:** See this contract for more information including information about nonpayment, default, any required repayment in full before the scheduled date and security interest.

### ITEMIZATION OF AMOUNT FINANCED

| | | |
|---|---|---|
| 1 Cash Price (including any accessories, services, and $ 1,261.79 sales tax) | | $ 21,150.37 (1) |
| 2 Total Downpayment = | | |
| Trade-in (Year) (Make) (Model) | | |
| Gross Trade-In Allowance | $ NA | |
| Less Pay Off Made By Seller | $ NA | |
| Equals Net Trade In | $ NA | |
| + Cash | $ 1,000.00 | |
| + Other (describe) | $ NA | |
| (If total downpayment is negative, enter "0" and see 4A below) | | $ 1,000.00 (2) |
| 3 Unpaid Balance of Cash Price (1 minus 2) | | $ 20,150.37 (3) |
| 4 Other Charges including Amounts Paid to Others on Your Behalf | | |
| (Seller may keep part of these amounts): | | |
| A Prior Credit or Lease Balance to _____ | $ | |
| B Cost of Optional Credit Insurance Paid to the Insurance Company or Companies. | | |
| Life | $ 621.22 | |
| Disability | $ 986.86 | $ 1,608.08 |
| C Other Insurance Paid to the Insurance Company | | $ 242.85 |
| D Official Fees Paid to Government Agencies | | |
| 1) to ___ for ___ | $ NA | |
| 2) to ___ for ___ | $ NA | |
| 3) to ___ for ___ | $ | |
| E Dealer's Inventory Tax Paid to Seller | | $ 50.53 |
| F Government Taxes Not Included in Cash Price | | $ 119.60 |
| G Government License and/or Registration Fees (Describe) | $ | |
| H Government Certificate of Title Fees | | $ 13.00 |
| I Government Vehicle Inspection Fees | | $ NA |
| J Deputy Service Fee Paid to Seller | | $ 16.50 |
| K Documentary Fee (Cargo Documental) Paid to Seller | | $ 50.00 |

A DOCUMENTARY FEE IS NOT AN OFFICIAL FEE. A DOCUMENTARY FEE IS NOT REQUIRED BY LAW, BUT MAY BE CHARGED TO BUYERS FOR HANDLING DOCUMENTS AND PERFORMING SERVICES RELATING TO THE CLOSING OF A SALE. A DOCUMENTARY FEE MAY NOT EXCEED $50 FOR A MOTOR VEHICLE CONTRACT OR A REASONABLE AMOUNT AGREED TO BY THE PARTIES FOR A HEAVY COMMERCIAL VEHICLE CONTRACT. THIS NOTICE IS REQUIRED BY LAW.

UN CARGO DOCUMENTAL NO ES UN CARGO OFICIAL, PERO ESTE PODRA COBRARSE A LOS COMPRADORES POR EL MANEJO DE LA DOCUMENTACIÓN Y LA PRESTACIÓN DE SERVICIOS EN RELACIÓN CON EL CIERRE DE UNA VENTA. UN CARGO DOCUMENTAL NO PUEDE EXCEDER DE $50 PARA UN CONTRATO DE VEHÍCULO AUTOMOTOR O UNA CANTIDAD RAZONABLE ACORDADA POR LAS PARTES PARA UN CONTRATO DE VEHÍCULO COMERCIAL PESADO. ESTA NOTIFICACIÓN SE EXIGE POR LEY.

| L Other Charges (Seller must identify who is paid and describe purpose.) | | |
|---|---|---|
| to NA for NA | $ NA | |
| to NA for NA | $ NA | |
| to NA for Auto Care | $ 600.00 | |
| to NA for NA | $ NA | |
| to ___ for ___ | $ | |
| Total Other Charges and Amounts Paid to Others on Your Behalf | | $ 2,700.56 |
| 5 Amount Financed (3 + 4) | | $ 23,150.93 |

Taxes (other than Dealer's Inventory Tax), title fee, license fee, and any state inspection fee (except for $5.00 of each such inspection fee) will be retained by Seller and paid to government agencies. Dealer's Inventory Tax will be paid to the Seller, who will remit it to the appropriate Tax Assessor Collector. Any Documentary Fee and deputy service fee will be retained by Seller.

---

**INSURANCE.** Physical damage insurance on the vehicle is REQUIRED until you have paid all you owe under this contract. You may obtain the physical damage insurance from any insurance company you choose that is authorized to do business in Texas. You may also furnish the required coverage through an existing policy. You are not required to buy any other insurance to obtain credit.

If any insurance is checked below, policies or certificates from the named insurance companies will describe the terms and conditions.

Check the insurance you want and sign below:

**Optional Credit Life and Credit Disability Insurance**

Credit life insurance and credit disability insurance are not required to obtain credit. They will not be provided unless you sign and agree to pay the extra cost. If you choose this insurance, the cost is shown in Item 4B of the Itemization of Amount Financed.

☒ Credit Life: ☐ Buyer ☐ Co-Buyer ☐ Both
☐ Credit Disability: ☐ Buyer ☐ Co-Buyer ☐ Both
Premium and Term:
Credit Life $ 621.22     60
                          Term
Credit Disability $ 986.86 ___
                          Term

Insurance Company Name: Enterprise Life Insurance Company
Home Office: 800-167667, Irving, TX 750__

Credit life insurance is based on your original payment schedule. This insurance may not pay all you owe on this contract if you make late payments. Credit disability insurance does not cover any increase in your payment or in the number of payments.

☐ If this box is checked, the premium for the insurance coverage(s) included above is not fixed or approved by the Texas Insurance Commission.

I want the optional credit insurance checked above.

George E Coll     11/26/01
(Buyer's signature)                    Date

_____   _____
(Co-Buyer's signature)      Date

**Other Optional Insurance Coverages**
The insurance described below is not required to obtain credit. It will not be provided unless you sign and agree to pay the extra cost.

| Coverage | Term (in Months) | Premium |
|---|---|---|
| American Nat'l Cap | 60 ☐ $ 242.85 |
| NA | NA ☐ $ NA |
| | ☐ $ |

If the box is next to a premium for an insurance coverage included above is marked, first premium is not fixed or approved by the Texas Insurance Commission.

I want the optional coverages for which premiums are included above.

George E Coll     _____
(Buyer's signature)  Date

_____   _____
(Co-Buyer's signature)      Date

**LIABILITY INSURANCE COVERAGE FOR BODILY INJURY AND PROPERTY DAMAGE CAUSED TO OTHERS IS NOT INCLUDED IN THIS CONTRACT.** Without it, you may not operate this vehicle on public highways.

**Returned Check Charge:** You agree to pay a charge of $ 25 if any check you give to us is unpaid for any reason.

---

OPTION: ☐ You pay no finance charge if the amount financed, Item 5, is paid in full on or before _____, _____. SELLERS INITIALS _____

### NO COOLING OFF PERIOD
State law does not provide for a "cooling off" or cancellation period for this sale. After you sign this contract, you may only cancel it if the seller agrees or for legal cause. You cannot cancel this contract simply because you change your mind. This notice does not apply to home solicitation sales.

To contact Sterling McCall Toyota about this account call 713-270-3900. This contract is subject in whole or in part to Texas law which is enforced by the Consumer Credit Commissioner, 2601 North Lamar Boulevard, Austin, Texas 78705-4207; (800) 538-1579; (512) 936-7600, and can be contacted relative to any inquiries or complaints.

**HOW THIS CONTRACT CAN BE CHANGED.** This contract contains the entire agreement between you and us relating to this contract. Any change to this contract must be in writing and both you and we must sign it. No oral changes are binding. If any part of this contract is not valid, all other parts stay valid. We may delay or refrain from enforcing any of our rights under this contract without losing them. For example, we may extend the time for making some payments without extending the time for making others. Buyer (and any Co-Buyer) initials GEC _____

See back for other important agreements.

**NOTICE TO THE BUYER—DO NOT SIGN THIS CONTRACT BEFORE YOU READ IT OR IF IT CONTAINS ANY BLANK SPACES. YOU ARE ENTITLED TO A COPY OF THE CONTRACT YOU SIGN. UNDER THE LAW YOU HAVE THE RIGHT TO PAY OFF IN ADVANCE THE FULL AMOUNT DUE AND UNDER CERTAIN CONDITIONS SAVE A PORTION OF THE FINANCE CHARGE. KEEP THIS CONTRACT TO PROTECT YOUR LEGAL RIGHTS.**

You agree to the terms of this contract and confirm that you received a completed copy when you signed it.

Buyer Signs: George E Coll    Date: 11/26/01   Co-Buyer Signs: _____  Date: _____

Co-Buyer and Other Owners — A co-buyer is a person who is responsible for paying the entire debt. An other owner is a person whose name is on the title to the vehicle but does not have to pay the debt. The co-buyer or other owner knows that the Creditor has a security interest in the vehicle and consents to the security interest.

Other owner signs here _____    Address 9400 Southwest Freeway, Houston, TX 77074

Seller signs Sterling McCall Toyota  Date 11/26/01  By _____

Seller assigns its interest in this contract to _____ (Assignee) under the terms of Seller's agreement(s) with Assignee.

☐ Assigned with recourse   ☐ Assigned without recourse   ☐ Assigned with limited recourse

Seller: Sterling McCall Toyota     By _____   Title _____

LAW FORM NO. 553-TX 11/01                ORIGINAL LIENHOLDER

---

**EXHIBIT 1**
tabbles

WARNING! The form on the back of this detachable "tab" may only be utilized to notify TxDOT that you have sold the vehicle described on the attached certificate of title. A TITLE IN THE NEW OWNER'S NAME WILL NOT BE ISSUED. To have a new title issued in the new owner's name, the "Assignment of Title" section on the back of the certificate of title must be completed (by seller and buyer), and the new owner must file an application for title in his or her name at the local county tax assessor-collector's office.

AMERICREDIT FINANCIAL SERVICES
PO BOX 9008
FORT WORTH, TX 76147-2008

008156

↓ DETACH HERE ↓

## TEXAS CERTIFICATE OF TITLE

**ORIGINAL**

VEHICLE TITLES AND REGISTRATION
51527066

| VEHICLE IDENTIFICATION NUMBER | YEAR MODEL | MAKE OF VEHICLE | BODY STYLE |
|---|---|---|---|
| 3GNFK16R8XG260661 | 1999 | CHEV | SW |

TITLE/DOCUMENT NUMBER: 10137237241138620
DATE TITLE ISSUED: 01/04/2002

| MODEL | MFG CAPACITY IN TONS | WEIGHT | LICENSE NUMBER |
|---|---|---|---|
| K15 | 1/2 | 5700 | 3TXB16 |

PREVIOUS OWNER: STERLING MCCALL TOYOTA HOUSTON TX

ODOMETER READING: 20295

OWNER:
GEORGE E COLLINS
10525 GULF MEADOWS DR
HOUSTON, TX 77075

REMARK(S): ACTUAL MILEAGE

1ST LIENHOLDER
05/07/2001 AMERICREDIT FINANCIAL SERVICES
PO BOX 9008
FORTH WORTH, TX 76147-2008

EXHIBIT 2