United States Courts
Southern District of Texas
FILED

DEC - 8 2005

Michael N. Milby, Clerk of Court

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | BANKRUPTCY CASE NO. |
| | § | 05-95149 |
| | § | |
| GEORGE COLLINS, Debtor | § | Chapter 13 |

**MORTGAGE CREDITOR'S RESPONSE TO
DEBTOR'S EMERGENCY MOTION FOR CONTINUATION OF
THE AUTOMATIC STAY PURSUANT TO 11 U.S.C. SECTION 362c(3)(B)**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, LAURA RICHARDSON, the "mortgage creditor" referred to in Paragraph 10 of Debtor's Motion, and files this her Response to such Motion and in support of such Response would show unto the Court the following:

1. Only a few days before Debtor's latest filing for protection under the Bankruptcy Code, this creditor gave notice to Debtor that she intended to foreclose her Vendor's Lien and Deed of Trust Lien against the house and land that Debtor purchased from this creditor in 1996. Upon information and belief, Debtor's latest filing is an attempt to stop that foreclosure.

2. In addition to foreclosing her liens against the property, this creditor was also going to seek a temporary injunction enjoining the Debtor from wasting or harming the property covered by those liens. A copy of the Affidavit that was to be used in that action is attached hereto as Exhibit One and made a part hereof for all purposes.

3. Contrary to the statements made in paragraph 13 of Debtor's Motion, this creditor is not "merely dissatisfied with her treatment under the Debtor's Chapter 13" She is having to pay more than $50,000 in taxes just to protect her security interest in the property she sold to the Debtor. Unless those taxes are paid by January 15, 2005, a

judgment will be entered against her. Under the Deed of Trust signed by the Debtor, it was Debtor's responsibility to pay such taxes. In addition, Debtor delinquency on the Note payable t this creditor is more than $20,000. Debtor has no way of paying the amounts due under the Note and Deed of Trust.

4. In his Motion, Debtor is thumbing his nose at the Trustee's dismissal of his earlier filing. If he is allowed to succeed in his request, the "dismiss and change lawyers ruse" will become a common maneuver for debtor's seeking to delay the inevitable. A denial of Debtor's Motion will not result in "federally authorized blackmail."

WHEREFORE, PREMISES CONSIDERED, this creditor asks that Debtor's Motion be denied.

Respectfully submitted

Jerry L. Bryan II
State Bar No. 03271000
P. O. Box 66037
Houston, Texas 77266
(713) 906-1210
(713) 664-6169 fax

CERTIICATE OF SERVICE

I certify that a true and correct copy of this Response was served on Debtor's counsel by facsimile transmission to (713) 965-9048 on December 8, 2005.

Jerry L. Bryan II

CAUSE NO. 2005-_____

| | | |
|---|---|---|
| **LAURA ANN RICHARDSON** | § | IN THE DISTRICT COURT OF |
| | § | |
| VS. | § | HARRIS COUNTY, TEXAS |
| | § | |
| **GEORGE EDWARD COLLINS** | § | ____ JUDICIAL DISTRICT |

## AFFIDAVIT IN SUPPORT OF
## APPLICATION FOR TEMPORARY RESTRAINING ORDER
## AND TEMPORARY INJUNCTION

STATE OF TEXAS          §

COUNTY OF HARRIS    §

BEFORE ME, the undersigned authority, on this day personally appeared Laura Ann Richardson, also known as Laura Ann Bloodworth Richardson, and, after being by me duly sworn and under oath did depose and state the following:

> "My name is Laura Ann Richardson. I am also known as Laura Ann Bloodworth Richardson. I am a resident of _San Jacinto_ County, Texas. I am over 21 years of age. I have never been adjudged incompetent. I have never been convicted of a felony or a crime involving moral turpitude. I have personal knowledge of each and every fact and matter set out in this Affidavit. I gained such personal knowledge in my dealings with George Edward Collins over the last nine years.
>
> On or about August 2, 1996, I sold the property described in Exhibit "A" (the "Property") to George Edward Collins and his wife, Ingrid Collins. It is my understanding that they are now divorced. At the time of the sale, I owned the Property as part of my separate estate. My husband, Billy V. Richardson joined in the execution of the Deed to the Property. He is now Deceased.
>
> I owner-financed the sale and the purchasers gave me a Promissory Note in the original principal sum of $119,000 as part of the purchase price. A true and correct copy of that Note is attached hereto as Exhibit "A" and made a part hereof for all purposes. The payment of the Note was secured by a Deed of Trust. A true and correct copy of that Deed of Trust is attached hereto as Exhibit "B" and made a part hereof for all purposes.

Under the terms of the Note, George Edward Collins (the "Defendant") and his wife were to make monthly payments of principal and interest. They have failed to make many of those payments.

Under the terms of the Deed of Trust, Defendant and his wife were obligated to pay "all taxes and assessments on the Property." They have not paid the taxes. In 2005, Harris County and HISD sued me and the Defendant for unpaid taxes on the Property totaling more than $54,000. In order to preserve my interest in the Property, I entered into a Partial Payment Agreement Plan with Harris County and an Installment Agreement with HISD. True and correct copies of those Agreements are attached hereto as Exhibits "C" and "D" and made a part hereof for all purposes. I have already paid more than $31,000 under the terms of those Agreement.

In the last six (6) years, Defendant has sought to avoid the payment of the monthly installments and the taxes by making multiple filings for bankruptcy protection. His last Chapter 13 attempt was just this month dismissed by the Trustee (See Exhibit "E" attached hereto). I have now initiated non-judicial foreclosure proceedings against the Defendant (See Exhibit "F" attached hereto and made a part hereof for all purposes.

I am deeply concerned that, because of the impending foreclosure, Defendant will intentionally damage the improvements on the Property or cut down irreplaceable trees that would affect the value of the Property. In the past he cut down an oak tree that was more than 150 years old.

I have no remedy at law in the event Defendant does lay waste to the Property. he is judgment proof.

I am asking the Court to temporarily enjoin the Defendant from in any way damaging or harming:

    a.    the improvements on the Property; and

    a.    the trees and landscaping on the Property

and from doing anything else that might negatively affect the value of the Property, until such time as there is a hearing on my Application for Temporary Injunction.

*Laura Ann Richardson*
Laura Ann Richardson

SWORN TO AND SUBSCRIBED before me by Laura Ann Richardson On this 31st day of October, 2005.

_____
Notary Public in and for
The State of Texas

CYNTHIA A. LONGORIA
Notary Public, State of Texas
My Commission Expires
October 15, 2006

## VENDOR'S LIEN NOTE

Date: August _2_, 1996

Maker: GEORGE EDWARD COLLINS and wife, INGRID G. MAIDEN COLLINS

Payee: LAURA ANN BLOODWORTH RICHARDSON and husband, BILLY V. RICHARDSON

Place for Payment: _____, Houston, Harris County, Texas 77___

Principal Amount: ONE HUNDRED AND NINETEEN THOUSAND AND NO/100 ($119,000.00) DOLLARS

**Annual Interest Rate on Unpaid Principal from Date of Funding**: Eight (8%) percent

**Terms of Payment (principal and interest)**: Principal and interest shall be due and payable in monthly installments of $1,137.23 each, payable on the 15th day of each and every month, beginning on the 15th day of September, 1996, and continuing regularly thereafter until August 15, 2011, at which time the entire amount hereof, principal and interest then remaining unpaid shall be then due and payable, interest being calculated on the unpaid principal to the date of each installment paid, and the payment made credited, first to the discharge of the interest accrued and the balance to the reduction of the principal.

Maker expressly agrees to pay Holder hereof late charges of five (5%) percent for each dollar, or fraction thereof, of each payment of principal and interest on each and every payment which is not paid within fifteen (15) days of its due date.

The Maker hereof reserves the right to prepay this note in any amount at any time prior to maturity without penalty. **Annual Interest Rate on Matured, Unpaid Amounts**: At Lender's option, all past due installments of principal and interest on this Note, and the unpaid principal balance during the existence of any default and after maturity, shall bear interest at the Default Interest Rate. The Default Interest Rate shall be, at Lender's option, either (i) the Maximum Lawful Rate, if such Maximum Lawful Rate is established by applicable law for this transaction; or (ii) four (4%) percent greater than the interest rate that would otherwise have been charged under the interest rate provisions of this Note if no Maximum Lawful Rate is established by applicable law for this loan; or (iii) eighteen percent (18%) per annum; and (iv) such lesser rate of interest as Lender in its sole discretion shall choose to charge. Notwithstanding any other provision of this Note, the daily Default Interest Rate shall be calculated by dividing the Default Interest Rate per annum applicable for such day by the actual number of days in the calendar year (whether 365 or 366).

This Note shall be governed by and construed in accordance with Texas Law and applicable federal law. The parties hereto intend to conform strictly to the applicable usury laws. In no event, whether by reason of demand for payment, prepayment, acceleration of the maturity hereof or otherwise, shall the interest contracted for, charged or received by Lender hereunder or otherwise exceed the maximum amount permissible under applicable law. If from any circumstance whatsoever interest would otherwise be payable to Lender in excess of the maximum lawful amount, the interest payable to Lender shall be reduced automatically to the maximum amount permitted by applicable law. If Lender shall ever receive anything of value deemed interest under applicable law which would, apart from this provision, be in excess of the maximum lawful amount, an amount equal to any amount which would have been excessive interest shall be applied to the reduction of the principal amount owing hereunder in the inverse order of its maturity and not to the payment of interest, or if such amount which would have been excessive interest exceeds the unpaid balance of principal hereof, such excess shall be refunded to Borrower. All interest paid or agreed to be paid to Lender shall, to the extent permitted by applicable law, be amortized, prorated, allocated, and spread throughout the full stated term (including any renewal or extension) of such indebtedness so that the amount of interest on account of such indebtedness does not exceed the maximum permitted by applicable law. The provisions of this paragraph shall control all existing and future agreements between Borrower and Lender.

**Security for Payment:** A Vendor's Lien expressly retained in Deed of even date herewith executed by GEORGE EDWARD COLLINS and wife, INGRID G. MAIDEN COLLINS, to the Maker hereof upon the following described property and is additionally secured by a Deed of Trust to-wit:

Date: August 2, 1996

Trustee: DANIEL J. SNOOKS

Property: Part of Lot Twenty-eight (28), of G. D. SAMUEL SUBDIVISION, an addition in Harris County, Texas according to the map or plat thereof recorded in Volume 2, Page 53-B of the Map Records of Harris County, Texas and being more particularly described as follows:

A tract or parcel of land containing 2.0 acres of land more or less, out of Lot Twenty-eight (28) of the G. D. SAMUELL SUBDIVISION out of the Joseph Hall Survey, Abstract 368, of Harris County, Texas, according to the map or plat thereof recorded in Volume 2, Page 53 of the Map Records of Harris County, Texas, and being the same property conveyed to C. V. Hastings by R. C. Buckner by deed dated April 11, 1939, and recorded in Volume 1121, Page 818 of the Deed Records of Harris County, Texas, and being more particularly described by metes and bounds as follows, to-wit:

BEGINNING at the Northwest corner of said Lot 28 in the Easterly line of the right-of-way for Leitz Road;

THENCE along the Northerly line of Lot 28 North 89 deg 43 min 30 sec East 469.34 feet to a point for corner;

THENCE South 00 deg 17 min 33 sec West 185.66 feet to a point for corner;

THENCE South 89 deg 43 min 30 sec West 469.34 feet to a point in the Easterly line of the right-of-way of Leitz Road;

THENCE along said Easterly right-of-way line North 00 deg 17 min 33 sec East 185.66 feet to the POINT OF BEGINNING, containing 2.0 acres of land, more or less, being more commonly known as 10525 Gulf Meadow.

Maker promises to pay to the order of Payee at the place for payment and according to the terms of payment the principal amount plus interest at the rates stated above. All unpaid amounts shall be due by the final scheduled payment date.

On default in the payment of this note or in the performance of any obligation in any instrument securing or collateral to it, this note and all obligations in all instruments securing or collateral to it shall become immediately due at the election of Payee. Maker and each surety, endorser, and guarantor waive all demands for payment, presentations for payment, notices of intention to accelerate maturity, protests, and notices of protest.

If this note or any instrument securing or collateral to it is given to an attorney for collection or enforcement, or if suit is brought for collection or enforcement, or if it is collected or enforced through probate, bankruptcy or other judicial proceeding, then Maker shall pay Payee reasonable attorney's fees in addition to other amounts due. Reasonable attorney's fees shall be 10% of all amounts due unless either party pleads otherwise.

Nothing in this note shall authorize the collection of interest in excess of the highest rate allowed by law.

Each Maker is responsible for the entire amount of this note.

The terms Maker and Payee and other nouns and pronouns include the plural if more than one.

_____
GEORGE EDWARD COLLINS

_____
INGRID G. MAIDEN COLLINS

3

S052181   STEWART TITLE HOUSTON  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

# DEED OF TRUST   08/05/96  100307932  S052181   $15.00

Date:   August 2, 1996

Grantor:   GEORGE EDWARD COLLINS and wife, INGRID G. MAIDEN COLLINS
Grantor's Mailing Address:   10525 GULF MEADOWS, Houston, Harris County, Texas 77075

Trustee:   DANIEL J. SNOOKS
Trustee's Mailing Address:   11550 Fuqua, Suite 490, Houston, Harris County, Texas 77034

Beneficiary:   LAURA ANN BLOODWORTH RICHARDSON and husband, BILLY V. RICHARDSON
Beneficiary's Mailing Address:   1041 PALMETTO POINT, ~~Houston~~ Harris County, Texas 77364
POINT BLANK

Note:
  Date: Of even date herewith.
  Amount: $119,000.00
  Payee: Laura Ann Bloodworth Richardson and husband, Billy V. Richardson
  Final Maturity Date: August 15, 2011
  Terms of Payment: As specified therein.

Property (including any improvements):

Part of Lot Twenty-eight (28), of G. D. SAMUEL SUBDIVISION, an addition in Harris County, Texas according to the map or plat thereof recorded in Volume 2, Page 53-B of the Map Records of Harris County, Texas and being more particularly described as follows:

A tract or parcel of land containing 2.0 acres of land more or less, out of Lot Twenty-eight (28) of the G. D. SAMUELL SUBDIVISION out of the Joseph Hall Survey, Abstract 368, of Harris County, Texas, according to the map or plat thereof recorded in Volume 2, Page 53 of the Map Records of Harris County, Texas, and being the same property conveyed to C. V. Hastings by R. C. Buckner by deed dated April 11, 1939, and recorded in Volume 1121, Page 818 of the Deed Records of Harris County, Texas, and being more particularly described by metes and bounds as follows, to-wit:

BEGINNING at the Northwest corner of said Lot 28 in the Easterly line of the right-of-way for Leitz Road;

THENCE along the Northerly line of Lot 28 North 89 deg 43 min 30 sec East 469.34 feet to a point for corner;

THENCE South 00 deg 17 min 33 sec West 185.66 feet to a point for corner;

THENCE South 89 deg 43 min 30 sec West 469.34 feet to a point in the Easterly line of the right-of-way of Leitz Road;

THENCE along said Easterly right-of-way line North 00 deg 17 min 33 sec East 185.66 feet to the POINT OF BEGINNING, containing 2.0 acres of land, more or less, being more commonly known as 10525 Gulf Meadow.

Prior Lien(s) (including recording information):   None

Other Exceptions to Conveyance and Warranty: Any and all restrictions, covenants, conditions, easements, and mineral reservations or leases, if any, relating to the hereinabove described property, but only to the extent that they



a. declare the unpaid principal balance and earned interest on the note immediately due;
b. request Trustee to foreclose this lien, in which case Beneficiary or Beneficiary's agent shall give notice of the foreclosure sale as provided by the Texas Property Code as then amended; and
c. purchase the property at any foreclosure sale by offering the highest bid and then have the bid credited on the note.

## TRUSTEE'S DUTIES

If requested by Beneficiary to foreclose this lien, Trustee shall:

1. Either personally or by agent give notice of the foreclosure sale as required by the Texas Property Code as then amended;
2. Sell and convey all or part of the property to the highest bidder for cash with a general warranty binding Grantor, subject to prior liens and to other exceptions to conveyance and warranty; and
3. From the proceeds of the sale, pay, in this order:
   a. expenses of the foreclosure, including a commission to Trustee of 5% of the bid;
   b. to Beneficiary, the full amount of principal, interest, attorney's fees and other charges due and unpaid;
   c. any amounts required by law to be paid before payment to Grantor; and
   d. to Grantor, any balance.

## GENERAL PROVISIONS

1. If any of the property is sold under this deed of trust, Grantor shall immediately surrender possession to the purchaser. If Grantor fails to do so, Grantor shall become a tenant at sufferance of the purchaser, subject to an action for forcible detainer.
2. Recitals in any Trustee's deed conveying the property will be presumed to be true.
3. Proceeding under this deed of trust, filing suit for foreclosure, or pursuing any other remedy will not constitute an election of remedies.
4. This lien shall remain superior to liens later created even if the time of payment of all or part of the note is extended or part of the property is released.
5. If any portion of the note cannot be lawfully secured by this deed of trust, payments shall be applied first to discharge that portion.
6. Grantor assigns to Beneficiary all sums payable to or received by Grantor from condemnation of all or part of the property, from private sale in lieu of condemnation, and from damages caused by public works or construction on or near the property. After deducting any expenses incurred, including attorney's fees, Beneficiary may release any remaining sums to Grantor or apply such sums to reduce the note. Beneficiary shall not be liable for failure to collect or to exercise diligence in collecting any such sums.
7. Grantor assigns to Beneficiary absolutely, not only as collateral, all present and future rent and other income receipts from the property. Leases are not assigned. Grantor warrants the validity and enforceability of the assignment. Grantor may, as Beneficiary's licensee, collect rent and other income and receipts as long as Grantor is not in default under the note or this deed of trust. Grantor will apply all rent and other income and receipts to payment of the note and performance of this deed of trust, but if the rent and other income and receipts exceed the amount due under the note and deed of trust, Grantor may retain the excess. If Grantor defaults in the payment of the note or performance of this deed of trust, Beneficiary may terminate Grantor license to collect and then as Grantor's agent may rent the property if it is vacant and collect all rent and other income and receipts. Beneficiary neither has nor assumes any obligations as lessor or landlord with respect to any occupant of the property. Beneficiary may exercise Beneficiary's rights and remedies under this paragraph without taking possession of the property. Beneficiary shall apply all rent and other income and receipts collected under this paragraph first to expenses incurred in exercising Beneficiary's rights and remedies and then to Grantor's obligations under the note and this deed of trust in the order determined by Beneficiary. Beneficiary is not required to act under this

3

are still in effect, shown of record in the hereinabove mentioned state and county, and to all zoning laws, regulations and ordinances of municipal and/or other governmental authorities, if any, but only to the extent that they are still in effect relating to the hereinabove described property.

For value received and to secure payment of the Note, Grantor conveys the property to Trustee in trust. Grantor warrants and agrees to defend the title to the property. If Grantor performs all of the covenants and pays the note according to its terms, this deed of trust shall have no further effect, and Beneficiary shall release it at Grantor's expense.

## GRANTOR'S OBLIGATIONS

Grantor agrees to:

1. Keep the property in good repair and condition; ~~all trees presently on the property shall not be removed, destroyed or altered, unless by act of nature, in any manner, without the written consent of Beneficiary and said consent shall not be granted until the principal balance on the Note secured herein is $90,000.00 or less.~~
2. Pay all taxes and assessments on the property when due and furnish copies of the receipts therefor to Beneficiary prior to January 30 of each year;
3. Preserve the lien's priority as it is established in this deed of trust;
4. Maintain, in a form acceptable to Beneficiary, an insurance policy that:
    a. covers all improvements for their full insurable value as determined when the policy is issued and renewed, unless Beneficiary approves a smaller amount in writing;
    b. contains an 80% coinsurance clause;
    c. provides fire and extended coverage, including windstorm coverage;
    d. protects Beneficiary with a standard mortgage clause;
    e. provides flood insurance at any time the property is in a flood hazard area; and
    f. contains such other coverage as Beneficiary may reasonably require;
5. Comply at all times with the requirements of the 80% coinsurance clause;
6. Deliver the insurance policy to Beneficiary and deliver renewals to Beneficiary at least ten (10) days before expiration;
7. Keep any buildings occupied as required by the insurance policy; and
8. If this is not a first lien, pay all prior lien notes that Grantor is personally liable to pay and abide by all first lien instruments.

## BENEFICIARY'S RIGHTS

1. Beneficiary may appoint in writing a substitute or successor Trustee, succeeding to all rights and responsibilities of Trustee;
2. If the proceeds of the note are used to pay any debt secured by prior liens, Beneficiary is subrogated to all of the rights and liens of the holders of any debt so paid;
3. Beneficiary may apply any proceeds received under the insurance policy either to reduce the note or to repair or replace damaged or destroyed improvements covered by the policy;
4. If Grantor fails to perform any of Grantor's obligations, Beneficiary may perform those obligations and be reimbursed by Grantor on demand at the place where the note is payable for any sums so paid, including attorney's fees, plus interest on those sums from the dates of payment at the rate stated in the note for matured, unpaid amounts. The sum to be reimbursed shall be secured by this Deed of Trust.
5. If Grantor defaults on the note or fails to perform any of Grantor's obligations or if default occurs on a prior lien note or other instrument, and the default continues after Beneficiary gives Grantor notice of the default and the time within which it must be cured, as may be required by law or by written agreement, then Beneficiary may:

2

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

paragraph, and acting under this paragraph does not waive any of Beneficiary's other rights or remedies. If Grantor becomes a voluntary or involuntary bankrupt, Beneficiary's filing a proof of claim in bankruptcy will be tantamount to the appointment of a receiver under Texas law.

8. Interest on the debt secured by this deed of trust shall not exceed the maximum amount of nonusurious interest that may be contracted for, taken, reserved, charged, or received under law; any interest in excess of that maximum amount shall be credited on the principal of the debt or, if that has been paid, refunded. On any acceleration or required or permitted prepayment, any such excess shall be canceled automatically as of the acceleration or prepayment or, if already paid, credited on the principal of the debt or if the principal of the debt has been paid, refunded. This provision overrides other provisions in this and all other instruments concerning the debt.

9. When the context requires, singular nouns and pronouns include the plural.
10. The term "note" includes all sums secured by this deed of trust.
11. This deed of trust shall bind, inure to the benefit of, and be exercised by successors in interest of all parties.
12. If Grantor and Maker are not the same person, the term Grantor shall include Maker.
13. Grantor represents that this deed of trust and the note are given for the following purposes:

The above described note secured hereby was given as part of the purchase price for the aforesaid property and is secured by a Vendor's Lien retained in deed of even date herewith from Beneficiary to Grantor herein, conveying the said property and the lien of this Deed of Trust is cumulative of and without prejudice to said Vendor's Lien, and a foreclosure hereunder will operate to foreclose said Vendor's Lien.

14. Grantor agrees not to allow to be fixed, or to enter into any contract whereby there may be fixed, on the property described herein, without the written consent of Beneficiary, any mechanic's lien or other lien.

15. It is agreed and understood by Grantors herein that the property described above or any part thereof shall not be sold without the prior written consent of Beneficiary, so long as the Note secured hereby or any portion thereof remains unpaid. In the event of any sale, either judicial or voluntary, of the property above described, or any part thereof, without the prior written consent of Beneficiary, Beneficiary shall have the right, at their option, to declare all sums secured by this Deed of Trust to be immediately due and payable.

_____
GEORGE EDWARD COLLINS

_____
INGRID G. MAIDEN COLLINS

THE STATE OF TEXAS §
§
COUNTY OF HARRIS §

THIS INSTRUMENT was acknowledged before me on this ___ day of August, 1996, by GEORGE EDWARD COLLINS and INGRID G. MAIDEN COLLINS.

KEITHA BELL
Notary Public, State of Texas
My Commission Expires 10-26-96

_____
Notary Public in and for
The State of Texas

_____
Printed Name of Notary

PREPARED IN THE LAW OFFICE OF:
Daniel J. Snooks
11550 Fuqua, Suite 490
Houston, Texas 77034
(713) 484-8400

AFTER RECORDING RETURN TO:

MR. & MRS. RICHARDSON
1041 PALMETTO POINT
POINT BLANK, TX. 77364

4

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

FILED
96 AUG -5 PM 1:30

Beverly B. Kaufman
COUNTY CLERK
HARRIS COUNTY, TEXAS

ANY PROVISION HEREIN WHICH RESTRICTS THE SALE, RENTAL, OR USE OF THE DESCRIBED REAL PROPERTY BECAUSE OF COLOR OR RACE IS INVALID AND UNENFORCEABLE UNDER FEDERAL LAW.
THE STATE OF TEXAS }
COUNTY OF HARRIS }
I hereby certify that this instrument was FILED in File Number Sequence on the date and at the time stamped hereon by me; and was duly RECORDED, in the Official Public Records of Real Property of Harris County, Texas on

AUG  5 1996

Beverly B. Kaufman
COUNTY CLERK
HARRIS COUNTY TEXAS

**HARRIS COUNTY**
(and the jurisdictions for which it collects)

## PARTIAL PAYMENT AGREEMENT (PPA)

**LINEBARGER GOGGAN BLAIR & SAMPSON, LLP**
Attorneys at Law
1301 Travis St., 1st Floor
phone: (713) 844-3561
fax: (713) 844-3501

| | | | |
|---|---|---|---|
| Tax Account No: | 064-111-000-0028 | Monthly Payment Deadline | 20th day every month |
| Lawsuit Cause No: | 2005-28208 | Term (# of months): | 6-MONTHS |
| Amount Due as of: 12/31/05 | $27,624.98 | Monthly Payment Amount: | $1,534.67 |
| Down payment Amount: | $9,209.00 | First Payment Due: | July 20th 2005 |
| Balance Due: | $18,415.98 | Final Payment Due: | December 20th 2005 |
| BCAD Property Owner: George Collins | | Delinquent Year Range: | 1996-2004 |
| 10525 Gulf Meadows Dr Houston, Tx 77075-3621 | | >65/Disability Exemption: | N/A |

**INSTRUCTIONS:**

1. Make your payment payable to: **PAUL BETTENCOURT, TAX ASSESSOR-COLLECTOR**
2. Mail your payments to:
   Harris County
   P.O. Box 4576
   Houston, Texas 77253-3547
3. Please note on your payment: *Harris County* tax account no. and/or lawsuit cause no. Also affix the PPA sticker provided to your check. If more than one account number is included, list all account numbers on the check.
4. Penalty and interest continue to accrue during the term of this contract. This may result in additional monies due at its completion. Before making your final payment, contact Linebarger at 713-844-3561 for the exact amount of your final payment.
5. Sign the PPA and return with your down payment or first monthly payment to Linebarger. Only after the PPA is returned with payment and contains all signatures below, is the PPA effective. All other payments should be mailed directly to the tax office as noted above.

**WARNINGS:**

6. By executing this Harris County Partial Payment Agreement (PPA), the Property Owner admits to personal liability for all taxes, penalties and interest (and attorneys' fees, court costs, abstract fees, and Tax Master fees, if applicable) on the property described by the tax account above ("Property").
7. Harris County and its attorneys make no representation that partial payments made by a person other than the actual owner of the Property confer on that person any right, title or interest in the Property.
8. When this PPA becomes effective, Harris County agrees not to seize or sell the Property, or file a new lawsuit to collect the outstanding balance or enforce a judgment, if any, unless you fail to make a payment under this PPA by the Payment Deadline or breach any other condition of this PPA (Sec. 33.02, Texas Property Tax Code). Harris County may prosecute any pending lawsuit to judgment or intervene in any suit filed by another taxing unit taxing the Property. Any taxing unit not a party to this PPA is not bound by this PPA. If any taxing unit not a party to this PPA proceeds to foreclose on a judgment, this PPA is void, and Harris County will participate in the tax foreclosure sale.
9. **PLEASE NOTE:** You must pay current taxes before they become delinquent. If this contract has been executed between Feb. 1 and June 30, a current statement has been attached for your convenience. Failure to pay the current tax prior to July 1 will result in the attachment of substantial additional penalties and can terminate this agreement.
10. Execution of this PPA tolls the limitation periods provided by Section 33.05 of the Texas Property Tax Code for the period during which enforced collection is barred under #8 above, i.e. the period during which the Agreement is effective.
11. The PPA will be completed when the account balance is paid in full, which includes the delinquent amount due and any additional penalties and interest which accrue under #4 above.
12. This PPA is not transferrable. All taxes, penalties, interest, court costs and attorney's fees are due IN FULL upon the sale or transfer of the Property.
13. This PPA supersedes any and all previously executed partial payment agreement(s).

_____  ___6/28/05___
Date                              Date

_____   X_Laura Richardson_
Printed Name of Representative of Law Firm   Printed Name

_____   X_[signature]_
Signature of Representative   Signature

_____   _431 Torjerson Way - Pt A Blank_
Signature of Attorney/Manager   Address & Phone No
                                          _Tx 77364_

Lawsuit Cause # 2005-28208    Over 65 ☐

# HOUSTON INDEPENDENT SCHOOL DISTRICT
## INSTALLMENT AGREEMENT

LINEBARGER GOGGAN
BLAIR & SAMPSON, LLP
Attorneys at Law
1301 Travis St., 1st Floor
Telephone: (713) 844-3561
Facsimile: (713) 844-3501

| | | | |
|---|---|---|---|
| Account No: | 064-111-000-0028 | Payment Deadline: | 20th day each month |
| Delinquent Amount: | $26,907.20 | Term: | 6-MONTHS |
| (Less) Down Payment: | $8,970.00 | Monthly Payment: | $2,989.55 |
| Balance Due: | $17,937.20 | First Payment Due: | July 20th, 2005 |
| CAD Property Owner: | George Collins | Final Payment Due: | December 20th, 2005 |
| 10525 Gulf Meadows Dr Houston, Tx 77075-3621 | | Years Delinquent: | 1996-2004 |

1. By executing this HISD Installment Agreement (referred to as "Agreement" with "Taxing Unit"), Property Owner admits to personal liability for all taxes, penalties, and interest (and attorney's fees, court costs, abstract fees, and Tax Master fees, if applicable) (referred to as "Delinquent Amount") on the property described above (referred to as "Property").
2. The Taxing Unit and its attorneys make no representation that Installment tax payments made by a person other than the actual owner of the Property confers on that person any right, title or interest in the Property.
3. Additional penalties and interest continue to accrue on the unpaid balance during the term of this Agreement (Sections 33.01, 33.07 and 33.08, Texas Property Tax Code).
4. When this Agreement becomes effective, the Taxing Unit will agree not to seize or sell the Property or file a lawsuit to collect the Delinquent Amount, or enforce a judgment, if any, unless there is a (a) failure to make a payment under this Agreement by the Payment Deadline; (b) failure to pay current taxes before they become delinquent, or (c) breach of any other condition of this Agreement (Section 33.02, Texas Property Tax Code). The Taxing Unit may however prosecute any pending lawsuit to judgment or intervene in any suit filed by another taxing unit involving the Property. Any taxing unit not a party to this Agreement is not bound by this Agreement. If any taxing unit not a party to this Agreement proceeds to judgment or foreclosure, this Agreement is void, and this Taxing Unit will participate in the sale.
5. The Agreement will be completed when the Delinquent Amount has been paid in full. Prior to making final payment, contact law firm for the exact amount owed.
6. This contract is not transferable. All taxes, penalties, interest, court costs, and attorney's fees are due IN FULL upon the sale or transfer of the Property.
7. The first payment will be applied to court costs, abstract fees and Tax Master fees, if applicable.
8. Make payment payable to: HOUSTON INDEPENDENT SCHOOL DISTRICT
9. Mail payments to:

   Houston Independent School District
   P.O. Box 56101
   Houston, Texas 77256-6101

10. Note on payment: "HISD" and tax account no. and/or lawsuit cause no.
11. Subject to approval by Attorney/Manager below, this Agreement will be effective when it is returned signed and accompanied by the downpayment or monthly payment, whichever is first.
12. This Agreement supersedes any and all previously executed Agreement(s).

_____
Date

_____
Printed Name of Representative of Linebarger
Goggan Blair & Sampson, LLP

_____
Signature of Representative

_____
Attorney/Manager Approval*

*This Agreement is not effective without the signature of an attorney/manager

6/28/05
Date

Laura Richardson
Printed Name

Laura Richardson
Signature

936 377-4697
Phone Number

231 Ferguson Way
Address
Point Blank, TX 77364

Property Owner ☒
Non-owner ☒

Lew Helder