IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § | |
| George Collins, | § | Case No. 05-95149 |
| Debtor. | § | (Chapter 13) |
| | § | |

## AMENDED ORDER DENYING MOTION FOR CONTINUANCE OF AUTOMATIC STAY

The Debtor filed a petition under chapter 13 on November 10, 2005. On November 22, 2005, the Debtor filed a motion for continuation[1] of the automatic stay. The chapter 13 trustee and two creditors each filed responses. On December 8, 2005, the Court held a hearing on the motion and denied the requested relief by order that same day.

### Background

For various reasons, Mr. Collins, the Debtor, has filed bankruptcy five times since 1998, including the present case. He filed one case in 1998, two cases in 2000, and then did not file another case until 2005. Thus, only one case (case no. 05-40065) was pending within the last year. According to the Debtor, he dismissed case no. 05-40065 on the advice of counsel to dismiss and refile. The case was dismissed without prejudice on October 12, 2005. Unaware of the changes to the Bankruptcy Code that were scheduled to become effective October 17, 2005, the Debtor filed the present case on November 10, 2005. Mr. Collins finds himself in an unfortunate situation because the revised automatic stay provisions contain significant limitations.

The Debtor is divorced, and lives with his three children. He does not receive any child support. He holds two jobs: a full-time position with Industrial Security Services Corp., and a

---

[1] The pleadings use both "continuation" and "extension" of the stay. Both words are used in the relevant statutory provisions. See, e.g., In re Collins, 2005 WL 3163962, *3 n.4, 2005 LEXIS 2325, (Bankr. D. Minn. Nov. 29, 2005). The words are also used interchangeably in this order.

1

part-time position at USAllianz Services. The Debtor works as a security guard in both positions. The Debtor filed amended schedules I and J in case no. 05-40065 on October 7, 2005. In those schedules, he listed his monthly income at $4,376.39, and expenses as $2,818.00. The Debtor filed schedules in the present case on December 7, 2005, and listed his monthly income at $3,897.28 and expenses as $2,909.00. Thus, the Debtor's monthly income has decreased $479.11 and his monthly expenses have increased $91.00. According to the Debtor's testimony, his income varies based on his part-time work, and this is the reason for the discrepancy discussed here.

Based on the schedules filed in his previous case, the Debtor owed approximately $50,000 in past due property taxes. Laura Richardson, the Debtor's mortgage creditor, paid approximately $31,000 of the past due taxes. Therefore, the Debtor's tax debt was reduced by $31,000, but his debt to Ms. Richardson was increased by $31,000. The Debtor has not paid his mortgage since April. Besides his home, the Debtor seeks to protect his car—a 1999 Chevrolet Suburban with roughly 85,000 miles. The creditors secured by these two assets have objected to the extension of the automatic stay.

## Legal Standard

Under the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 (BAPCP), the automatic stay no longer applies uniformly to all debtors. Section 362(c)(3) sets forth limitations of the stay for debtors who have had a case pending within the past year:

> (3) if a single or joint case is filed by or against a debtor who is an individual in a case under chapter 7, 11, or 13, and if a single or joint case of the debtor was pending within the preceding 1-year period but was dismissed, other than a case refiled under a chapter other than chapter 7 after dismissal under section 707(b)—
>
> > (A) the stay under subsection (a) with respect to any action taken with respect to a debt or property securing such debt or with respect to any

>lease shall terminate with respect to the debtor on the 30th day after the filing of the later case.

11 U.S.C. § 362(c)(3).

Nonetheless, § 362(c)(3)(B) provides for a continuation of the stay beyond the 30-day limitation of subparagraph (A) if four requirements are met: (1) a motion is filed; (2) there is notice and a hearing; (3) the notice and hearing are completed before the expiration of the original 30-day stay;[2] and (4) the debtor proves that the filing of the new case "is in good faith as to the creditors to be stayed." 11 U.S.C. § 362(c)(3)(B); *In re Charles (Charles I)*, 332 B.R. 538, 541 (Bankr. S.D. Tex. 2005); *In re Collins*, 2005 WL 3163962; *In re Montoya*, 333 B.R. 449 (Bankr. D. Utah 2005). A court may then extend the stay "subject to such conditions or limitations as the court may then impose." 11 U.S.C. § 362(c)(3)(B).

The bulk of any analysis is on the fourth requirement. Initially, a court must determine whether a presumption that the case was not filed in good faith arises pursuant to § 362(c)(3)(C)(i) or (ii). If subparagraphs (i) or (ii) are satisfied, then it is presumed that the case was not filed in good faith, and the debtor's burden becomes more onerous with respect to the fourth requirement. The standard of proof required to establish subparagraphs (i) and (ii) is a preponderance of the evidence, although the party upon which the burden falls varies. *In re Charles (Charles II)*, 2005 WL 3288182, 2005 Bankr. LEXIS 2315 (Bankr. S.D. Tex. Nov. 30, 2005). Consequently, when analyzing a case under subparagraphs (i) and (ii), the burden rests on the opponent of the stay extension as to:

- whether more than one previous case was pending within the one-year period preceding the current case;

---

[2] Under some circumstances, a court can reimpose the stay by holding a hearing after the expiration of the original 30-day stay if the motion is filed within 30 days after the filing of the case but no order is issued before the conclusion of the 30 days. *See In re Toro-Arcila*, 2005 WL 3370045, 2005 Bankr. LEXIS 2420 (Bankr. S.D. Tex. Dec. 12, 2005) (discussing § 362(c)(4)(B) as applied to debtors who have only filed one case in the preceding 1-year period).

3

- whether a prior case was dismissed for one of the reasons set forth in § 362(c)(3)(C)(i)(II); and

- establishing that the particular creditor filed a § 362(d) motion in a previous case by the debtor that satisfies subsection (ii);

and on the burden rests on the debtor as to:

- whether there has been a change in circumstances or other reason to believe that the new case will result in a discharge.

11 U.S.C. § 362(c)(3)(C)(i) and (ii); *Charles II,* 2005 WL 3288182.

If the court finds that a case is presumptively not filed in good faith, "such presumption may be rebutted by clear and convincing evidence to the contrary." 11 U.S.C. § 362(c)(3)(C). *See also Charles II*, 2005 WL 3288182. If the court does not find that a presumption arises against the debtor under § 362(c)(3)(C), the burden of establishing good faith is reduced to a preponderance of the evidence standard. *Id.* Additionally, a debtor must establish by a preponderance of the evidence why the court should exercise its discretion to extend the stay. *Id.*

### Analysis

In analyzing Mr. Collins' case under the four requirements of § 362(c)(3)(B), only the fourth requirement is at issue. There is no dispute that the Debtor timely filed a motion seeking to extend or continue the automatic stay. There is also no dispute regarding proper notice and a hearing on that motion—completed prior to the expiration of the 30-day period. Thus, requirements one, two and three are met.

As to the fourth requirement, the Court finds that the present case was presumptively filed not in good faith. There is no dispute that § 362(c)(3)(C)(i)(I) and (II) are not applicable. Mr. Collins has only been a debtor in a one case pending within the preceding year—case no. 05-40065. Subparagraph (I) requires that more than one case was pending in that period. Additionally, the creditors opposing the extension of the stay do not allege that case no. 05-

4

40065 was dismissed for the reasons enumerated in subparagraph (II). It is clear that the Debtor voluntarily chose to dismiss his case.

Only § 362(c)(3)(C)(i)(III) remains to establish a presumption that the case was not filed in good faith. As stated above, the burden in subparagraph (III) falls on the party seeking to extend the stay—here Mr. Collins. The Debtor must establish, by a preponderance of the evidence, that there has been either:

(1) a substantial change in his financial or personal affairs since the dismissal of the last case; or

(2) any other reason to conclude that the present case will be concluded without a discharge[3].

11 U.S.C. § 362(c)(3)(C)(i)(III). Mr. Collins fails to meet this burden. As indicated above, the Debtor's financial affairs appear relatively unchanged. The slight change shows that the Debtor's financial affairs today are worse than when he filed his last case. His income is down and his expenses are up. There is no evidence that the Debtor's personal affairs have substantially changed since the last filing—or changed at all. Further, the Debtor cannot establish that the current case is likely to conclude in a confirmed, fully performed chapter 13 plan. Taking the Debtor's schedules at face value, his monthly disposable income equals $988.28. The evidence before the Court, however, makes reliance on the schedules highly questionable.

The Debtor's schedules and statements show apparent inaccuracies, in addition to clear inconsistencies with those filed in the Debtor's last case. Perhaps most troubling, the schedules do not reflect amounts consistent with the Debtor's testimony and the evidence presented to the

---

[3] The statute's repeated differentiation between a "chapter 7, with a discharge" and a "chapter 11 or 13, with a confirmed plan that will be fully performed" appears to be a difference without a distinction. A chapter 11 discharge occurs upon confirmation of the plan, and a chapter 13 discharge occurs upon full performance under the plan. See 11 U.S.C. §§ 1141(d), 1328(a). Although § 1328(b) allows for a discharge in a chapter 13 case without full performance, confirmation of a chapter 13 plan is conditioned on a finding that the debtor will be able to perform fully. 11 U.S.C. § 1325(a)(6).

5

Court. For instance, his schedules fail to include the $31,000 in tax payments made by Ms. Andrews and owed by the Debtor. The Debtor did make some payments to Ms. Andrews that were returned by her. If the Debtor's expense estimates were accurate, those returned payments should be reflected by an increase in the Debtor's bank balance. However, the Debtor testified that he only has $300 in his bank account as of the hearing date. This further indicates that the Debtor spends more money than listed on schedule J. The scheduled amount for property taxes also appears inaccurate. The Debtor testified that he pays approximately $3,500 per year in property taxes, leaving the scheduled amount nearly one-third lower than reality. In sum, the schedules appear inaccurate.

Section 362(c)(3)(C)(i)(III)(bb) asks the Court to determine whether the Debtor is likely to confirm a plan and perform under that plan. There is no evidence that the Debtor can propose a feasible plan based on the numbers before the Court. The Debtor does not have flexibility in his schedules to add the missing amounts, correct the low estimates, and still be able to make plan payments. Consequently, the Court finds that this case is unlikely to result in a confirmed, fully performed plan. The Debtor fails to meet his burden under § 362(c)(3)(C)(i)(III). The Court therefore finds that there is a rebuttable presumption that this case was not filed in good faith.

The presumption can be rebutted under § 362(c)(3)(C) by "clear and convincing evidence to the contrary"[4] as to the creditors to be stayed. 11 U.S.C. § 362(c)(3)(C); *Charles I*, 332 B.R. 538. Thus, the scope of review for good faith expands while the burden on a debtor increases. Few published cases have considered good faith under § 362(c)(3)(C). In *In re Wilson*, 2005

---

[4] "Clear and convincing evidence is that weight of proof which produces in the mind of the trier of fact a firm belief or conviction as to the truth of the allegations sought to be established, evidence so clear, direct and weighty and convincing as to enable the fact finder to come to a clear conviction, without hesitancy, of the truth of the precise facts of the case." *Shafer v. Army & Air Force Exch. Serv.*, 376 F.3d 386, 396 (5th Cir. 2004).

Bankr. LEXIS 2388, *24 (Bankr. E.D. Tenn. Dec. 5, 2005), the court held that a debtor must set forth:

> (1) whether the extension is sought as to all creditors or a single creditor; (2) the case number as well as the commencement and dismissal dates of the debtor's case pending within the previous year; (3) the § 362(c)(3)(C) reason or reasons giving rise to the presumption that the current case was "filed not in good faith"; and (4) the change in the financial or personal affairs of the debtor subsequent to the dismissal of the previous case or any other reason that will support the debtor's contention that the previous case will be concluded with a discharge…[or] will be concluded with a confirmed plan that will be fully performed. Any additional information or evidence that the debtor or party in interest believes is significant or supports his or her motion may also be included.

*Id.* Similarly, this Court has set forth factors for considering good faith:

| | |
|---|---|
| **Threshold Factors** | (1) The position taken by creditors against whom an extension of the stay is sought; |
| | (2) The likelihood that the new case will result in a bankruptcy discharge; |
| **Additional Factors** | (3) The nature of the debt held by the creditor; |
| | (4) The nature of the collateral held by the creditor; |
| | (5) Eve of bankruptcy purchases; |
| | (6) The debtor's conduct in the present case; |
| | (7) The reasons why the debtor wishes to extend the automatic stay; and |
| | (8) Any unique facts or circumstances particular to a case. |

*Charles II*, 2005 WL 3288182, *6-9. As indicated in *Charles*, factors (1) and (2) are threshold factors. A finding that the creditor against whom the extension of the stay is sought agrees to a stay extension ends the inquiry. Further, a finding that the new case is unlikely to result in a discharge means that the case fails an objective good faith standard and ends the inquiry. *Id.* If

neither of the first two factors ends the inquiry, then all factors should be considered under the totality of the circumstances.

In the present case, for the first factor, no creditor has consented to the extension of the stay. For the second factor, the Court finds that this case has a very low likelihood of success. This case is simply not feasible. As indicated above, a more thorough review of the Debtor's schedules and statements, along with the Debtor's testimony, leaves the Court with little confidence that the Debtor could propose a feasible plan. This Debtor is further faced with a presumption that his case was not filed in good faith—raising his burden to a clear and convincing standard. There is little question that the Debtor fails to establish feasibility by clear and convincing evidence. Consequently, the case fails to meet an objective good faith requirement. Failure to meet the objective good faith requirement ends the analysis. Subjective good faith is consequently irrelevant. *Id.*

As the Debtor has not overcome the presumption that his case was not filed in good faith, the Court need not evaluate whether to exercise its discretion to extend the automatic stay. *See Charles II*, 2005 WL 3288182.

The Court additionally notes that the Debtor here is somewhat constrained in what can establish good faith. The Court has already found that the Debtor failed to establish a substantial change in his financial or personal affairs by a preponderance of the evidence. Thus, the Debtor clearly cannot rebut the presumption under a clear and convincing standard with any evidence that goes to his financial or personal affairs since the filing of his last case. This has already failed under a lesser evidentiary burden.[5]

---

[5] *See In re Montoya*, 333 B.R. at 457 n.13 ("the effect is to elevate the Debtor's showing of good faith that would otherwise require only a preponderance of the evidence to a showing by clear and convincing evidence.")

Nonetheless, the Debtor was permitted to present any evidence he felt appropriate.[6] Although consideration of various factors under a totality of the circumstances is not required when a debtor fails to meet an objective standard of good faith, the Court will make findings for the purposes of a complete appellate record.[7]

Like so many debtors who have come before this Court, Mr. Collins has been honest to the best of his ability. He works hard at two jobs, apparently working as many part-time hours at the second job as he is able. Mr. Collins supports three children—including an infant—as a single-parent without child support. Mr. Collins does not make luxury purchases or live an extravagant lifestyle. His only major assets are his house and a car that is at least six years old. Unfortunately for this Debtor, good faith under the Code is not only based on one's lifestyle or family affairs. Being a good father and a hard worker is not enough under § 362(c)(3)(C). Indeed, if those were the standards, this Debtor might qualify for an extension of the stay. The Debtor fails to establish that this case was filed in good faith as to the creditors to be stayed pursuant to the statutory requirements. It is for this reason alone that the stay must terminate upon the 30th day after Mr. Collins filed the present case.

The Debtor's motion to continue the automatic stay is denied.

Signed at Houston, Texas on December 27, 2005.

MARVIN ISGUR
United States Bankruptcy Judge

---

[6] Some courts have held that only statements made in an affidavit or under oath can meet the requirements of a clear and convincing standard. *See, e.g., In re Wilson*, 2005 Bankr. LEXIS 2388, *22-23 (Bankr. E.D. Tenn. Dec. 5, 2005) (citing *Al Rawahneh v. INS*, 38 Fed. Appx. 271, *7 (6th Cir. 2002)).

[7] *See, e.g., Charles II*, 2005 WL 3288182, *4 (citing *In re Chaffin*, 816 F.2d 1070, 1073 (5th Cir. 1987); *In re Montoya*, 333 B.R. at 458; *Mills v. Rabbitt*, 145 F.3d 1332 (6th Cir. 1998); *In re Lilley*, 91 F.3d 491 (3rd Cir. 1996); *In re Eisen*, 14 F.3d 469 (9th Cir. 1994); *In re Love*, 957 F.2d 1350 (7th Cir. 1992).